UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:22-cr-00267-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion to Withdraw Guilty Plea** |
| Dajuan Lamar Gamble, | [ECF No. 92] |
| Defendant | |

An hour into jury selection for his felon-in-possession-of-firearms trial, Dajuan Lamar Gamble decided that he wanted to plead guilty without a plea agreement. His eleventh-hour attempts to get the government to make him a better deal than the one he'd rejected had failed and, having looked into the eyes of the folks who would decide his case, Gamble made the choice to take his fate into his own hands. So he pled guilty; he assured the court in a 30-minute colloquy that his decision to do so was knowing, intelligent, and voluntary; the court accepted his plea and adjudicated him guilty of the offense as charged; the trial was vacated; the jury venire was dismissed; and the witnesses prepped for trial were excused.

Four months later and with new counsel, Gamble filed a motion to withdraw that plea. He asserts that he was "incorrectly advised as to his options with respect to pursuing legal arguments and" undisclosed "motions he wished to raise," and he didn't agree with his trial counsel's strategies.[1] The government opposes the motion, arguing that Gamble's request "is little more than wishful thinking" that rests on "nebulous assertions of ineffective assistance of counsel" that fail to demonstrate a "fair and just reason for requesting the withdrawal" as the law

---

[1] ECF No. 92.

requires.[2]  Because I find that Gamble has not met his burden of showing a fair and just reason to withdraw his guilty plea, I deny his motion.

## Discussion

As the Ninth Circuit explained in 2009 in *United States v. Ensminger*, entering a guilty plea is "a grave and solemn act" that is "accepted only with care and discernment" by the district court.[3]  So "[o]nce the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right."[4]  Federal Rule of Civil Procedure 11(d) allows a defendant to withdraw his guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal."[5]  While the fair-and-just standard must be applied "liberally,"[6] a defendant may "not withdraw his guilty plea 'simply on a lark.'"[7]  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."[8]

Gamble doesn't claim that his plea colloquy was inadequate, that evidence came to light post-plea, or that he is actually innocent.  Instead, he asserts that his pre-plea disagreements with his counsel's trial and pretrial-motion strategies entitle him to a do-over with his new lawyer.  In

---

[2] ECF No. 95.

[3] *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)).

[4] *Id*.

[5] Fed. R. Crim. P. 11(d)(2)(B).

[6] *Ensminger*, 567 F.3d at 590 (quoting *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008)).

[7] *Id*. (quoting *Hyde*, 520 U.S. at 676–77).

[8] *Id*. at 590–91 (quoting *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007)).

a sworn declaration, Gamble explains that he didn't trust his trial lawyers to try the case the way he was directing them to:

> [A]lthough I was intending to proceed to trial, I had my counsel file a request to postpone my trial so that I could determine whether they should continue to represent me or whether I should be appointed new counsel. **I had developed serious doubts that my counsel were able to follow my directions** and represent my best case effectively. . . . **My discussions with my counsel on** October 20, 2023, and **on the opening day of trial revealed that they did not intend to cross-examine the law enforcement witnesses in the manner I preferred and directed them to do.** They expressed concern that to do so would "open the door" to unfavorable testimony. This also concerned me as to whether I could receive effective representation. This was the basis for my request to postpone trial. . . **Frustrated with these big disagreements with my trial counsel and their failure to do as I asked**, [and in despair regarding counsel's refusal to represent me as I wished. . . ] **I wound up pleading guilty** to the Indictment, without the benefit of any plea bargain with the Government.[9]

He also declares that he has "vital and important motions" that he wants to file, but his counsel didn't tell him that he "could still argue these suppression and evidentiary issues during trial, or at least try to do so."[10] Gamble argues that "there exists no compelling reason to deny" him the chance to withdraw his plea to give him the chance "to deprive the Government of evidence by which to prove his guilt beyond a reasonable doubt."[11]

The government responds that Gamble has not met his burden because he doesn't claim actual innocence, a material defect in the Rule 11 plea colloquy,[12] the post-plea discovery of new

---

[9] ECF No. 93 at 2–3 (emphasis added).

[10] *Id*. at 2.

[11] ECF No. 92.

[12] The plea colloquy was comprehensive and lasted more than 30 minutes. Gamble acknowledged that he understood all the consequences of his plea and that he'd had "numerous consultations with" counsel about the decision and needed no additional time. He also acknowledged that he was pleading guilty based on his individual choice to do so.

3

evidence, or any other justification that didn't exist when he entered his plea.[13]  Plus, the public "would be substantially prejudiced if Gamble were permitted to withdraw his plea" because of the substantial resources that would have to be allocated a second time to bring in a new batch of jurors and again prepare the case for trial.[14]

**A.  Gamble's pre-plea discord with his counsel's tactical strategies is not a fair or just reason to allow him to withdraw the plea.**

Gamble's arguments fall short of demonstrating a fair and just reason for permitting him to withdraw his plea.  His main gripe—that his lawyers weren't doing what he wanted them to do—misunderstands the respective roles of counsel and client regarding who gets to make defense-strategy decisions.  While "an attorney undoubtedly has a duty to consult with the client regarding 'important decisions'" like whether to plead guilty, waive a jury, take the stand in his defense, or appeal,[15] that duty "does not require counsel to obtain the defendant's consent to 'every tactical decision.'"[16]  As the Supreme Court noted in *Taylor v. Illinois*, "the lawyer has—and must have—full authority to manage the conduct of the trial.  The adversary process could not function effectively if every tactical decision required client approval," and the client largely "must accept the consequences" of his lawyer's tactical choices.[17]  So Gamble had no right to compel his attorneys to "follow [his] directions," nor could he dictate that they "cross-examine the law enforcement witnesses in the manner [he] preferred and directed them to do,"[18]

---

[13] ECF No. 95 at 10–11.

[14] *Id*. at 11.

[15] *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

[16] *Id.* (quoting *Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988)).

[17] *Taylor*, 484 U.S. at 418.

[18] ECF No. 93 at 2.

particularly when counsel "expressed concern that to do so would 'open the door' to unfavorable testimony."[19] While Gamble characterizes these disagreements over tactics as "a substantial conflict" with trial counsel over "important issues of strategy"[20] that led to his eleventh-hour (denied) request for new counsel, the Ninth Circuit has held that "[d]isagreements over strategical or tactical decisions"[21] are not "the type of conflict that warrants substitution of counsel."[22] I do not find that these disagreements provide a fair and just reason for withdrawing the plea.

### B. Gamble's desire to pursue motions that his trial counsel declined to file is not a fair and just reason for plea withdrawal.

Gamble highlights two areas where these disagreements particularly culminated for him: counsel's decisions not to file two "vital and important motions" that he wanted to pursue before he entered his plea. The first is a *Franks* motion to suppress "false statements made by law enforcement officers in affidavits supporting a search warrant and arrest warrant," which if omitted, Gamble claims would negate probable cause.[23] Gamble recounts that his trial counsel didn't file the motion to suppress or tell him that "they could attempt to litigate the *Franks* issue during the course of trial," and they informed him "that they did not intend to challenge the veracity of the law enforcement officers in the manner [he] demanded."[24] The second is a

---

[19] *Id.*

[20] ECF No. 92 at 9.

[21] *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007).

[22] *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *see also United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) ("McKenna wanted her attorneys to file motions [that] they felt were not supported by the evidence. It is well-settled, however, that this type of dispute is not a sufficient conflict to warrant substitution of counsel.").

[23] ECF No. 92 at 9–11.

[24] *Id.* at 10.

motion for "appropriate relief" to allow him to investigate whether there might have been security cameras on the Economy Motel that captured the alley where the government alleges certain events related to his charge went down. Gamble claims that "photographic evidence" he first saw a few days before trial suggests that there may have been cameras there and either the government didn't produce any such surveillance video or "[a]t the very least, [he] was not shown any such evidence prior to trial and was unable to consider it when developing his trial strategy."[25] And "a disagreement with" his team of trial lawyers "regarding the necessity for such a" motion "was part of" his frustration with them.[26] Gamble claims that he should be permitted to withdraw his plea "to remedy" the "omissions and statements of his counsel that led to . . . error."[27]

### 1.   *Before sentencing, a defendant seeking to withdraw his plea based on counsel's error must show that the proper legal advice could have plausibly motivated a reasonable person in his position not to plead guilty.*

Government counsel argues that these choices by trial counsel can qualify as a fair and just reason for withdrawal only if Gamble can show that counsel was so ineffective that his plea was invalid.[28] It cites the Supreme Court's opinion in *Hill v. Lockhart*[29] for that standard. But the "invalidity standard applies only after a defendant has been sentenced,"[30] and Gamble has not yet been sentenced.

---

[25] *Id*.

[26] *Id*.

[27] *Id*. at 9.

[28] ECF No. 95 at 10.

[29] *Hill v. Lockhart*, 474 U.S. 52, 58 (1988).

[30] *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005) ("Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid.").

The applicable standard is less stringent than the one the government relies on. The Ninth Circuit recognizes three stages for plea withdrawal, each with a different level of scrutiny. Before a plea is accepted by the court, a defendant has an "absolute right" to withdraw it.[31] Post-sentencing, "[a] defendant who pleads guilty upon the advice of counsel" must meet the *Strickland v. Washington* test and show both that counsel's performance was deficient and that, "but for his counsel's erroneous advice, he would have insisted on going to trial."[32] But in the middle phase—after the court accepts a plea but before the defendant is sentenced—the defendant "is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [his] position not to have pled guilty.'"[33] It's this middle standard that applies to Gamble's plea-withdrawal request.

### 2. Gamble hasn't shown that his counsel was ineffective or that the proper legal advice could have plausibly motivated a reasonable person in his position not to plead.

Gamble pled guilty on advice of counsel. As he reported during his plea colloquy when asked whether he'd had sufficient time to consult with his attorneys about pleading guilty, "they told me this is my best decision, so I'll take that."[34] Gamble is effectively taking the position in his withdrawal request that trial counsel's advice was to plead guilty and forego the additional motions that he wanted to pursue.[35]

---

[31] *United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 (9th Cir. 1998).

[32] *Davis*, 428 F.3d at 806.

[33] *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011) (quoting *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005)).

[34] The transcript has not yet been filed in this case, so the court is relying on the rough transcript and its own notes for this statement.

[35] Gamble's federal public defenders did file numerous pretrial motions on his behalf, including motions to dismiss under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111

But Gamble has not shown that this advice was improper at all, let alone that the right advice could have plausibly motivated a reasonable defendant in his position not to plead. While Gamble has subjective hopes for these vaguely defined new motions, the posture of this case at the time that he made the decision to plead must be remembered. We were an hour into jury selection. The time for writing a *Franks* motion had passed, so had the time to investigate whether the Economy Motel had security footage from a different camera location than the one that caught him exchanging gunfire with someone in a passing van. And though Gamble in his reply brief characterizes his plea as "a hastily entered plea made with unsure heart and confused mind,"[36] in truth Gamble had been ruminating on the decision all day—the court had even taken a break before the jury venire was brought in to allow him an additional opportunity to conference with his counsel about whether to plead or proceed.

Gamble also hasn't established that these motions would have any merit at all such that the decision not to file them was error or bad advice. His desire to "investigate" the possible existence of additional security footage and "file a motion seeking appropriate relief"[37] is, as the government suggests, little more than wishful thinking. Gamble explains that "based on a picture" that he "was shown" the Friday before trial, he questions whether there may have been "surveillance footage of the alley or passageway through which" the government theorizes "the guns at issue in the present case were transported."[38] He doesn't identify this picture, and the possibility that such footage exists is just speculation given that Gamble admits he doesn't

---

(2022) (ECF No. 27) and based on spoliation (ECF No. 28); along with a motion to supplement that briefing (ECF No. 43); motions in limine (ECF Nos. 56, 77); and a last-minute motion to continue trial (ECF No. 80).

[36] ECF No. 99 at 4.

[37] ECF No. 92 at 10.

[38] ECF No. 93 at 2 (cleaned up).

"know if it existed, never existed, or was destroyed."[39] As for the *Franks* motion, Gamble doesn't identify what officer statements in "reports and affidavits" he believes to be false, so it's not possible for this court to conclude on this record that counsel's strategic decision not to file such a motion was erroneous. In his withdrawal motion, Gamble acknowledges that "[t]he merits of the[se] motions . . . are . . . not yet ripe for determination or even preliminary analysis."[40] What we do know from Gamble's declaration, however, is that he had conversations with trial counsel about both issues, but counsel disagreed with Gamble "regarding the necessity for" either motion.[41] And "[a] court must 'indulge a strong presumption' that counsel's conduct falls within the range of competence."[42]

To the extent that Gamble argues that the real error was that trial counsel left him "unaware that some of these evidentiary and constitutional motions or objections could arguably still be advanced by his counsel during trial"[43]—the only information that he claims he didn't know at the time he entered his plea—that error, too, falls short of justifying relief. For a reasonable defendant in Gamble's position, it would not have moved the needle to know that these arguments still could be raised by the very same trial counsel who the defendant knew was making the affirmative, tactical decision not to raise them. So I find that Gamble has not shown a fair and just reason to permit him to withdraw his guilty plea.

---

[39] *Id*.
[40] ECF No. 92 at 11.
[41] *Id*. at 10.
[42] *Alvarez-Tautimez*, 160 F.3d at 576 (quoting *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986)).
[43] ECF No. 92 at 4.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Dajuan Gamble's motion to withdraw his guilty plea **[ECF No. 92] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
May 23, 2024

10